### SARAH A. JOHNSON v. BRIDGET FLYNN.

*Sale—Fraud—Rescission.*

1. Plaintiff and defendant exchanged stoves, plaintiff receiving two dollars on the exchange. Several weeks afterwards plaintiff, claiming to have been defrauded, tendered the two dollars to the defendant, and demanded her stove. Defendant refused to accept the money or return the stove. And it is held that this was not a sufficient compliance with the rule requiring one who seeks to rescind a contract on the ground of fraud to place the other party *in statu quo.*

2. Evidence that, a short time after the exchange of the stoves, the plaintiff was informed that the stove received of defendant was worthless,—"worth not to exceed three dollars,"—does not establish a case of worthless property, so as to excuse a return of the stove, within the decision in *Sheldon Axle Co. v. Scofield*, 85 Mich. 177.

Error to Clinton. (Daboll, J.) Submitted on briefs November 17, 1893. Decided November 24, 1893.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Patterson & Flynn*, for appellant.

*Norton v. Weimer*, for defendant.

GRANT, J. The parties to this suit were neighbors in the same village. Plaintiff owned a coal stove, and defendant a wood stove. They made an exchange, defendant paying plaintiff two dollars additional. Plaintiff went to defendant's house, and examined the stove, before the contract was made. Defendant agreed to, and did, deliver the stove at plaintiff's house, paid the two dollars, and took away the coal stove. Plaintiff retained the stove several weeks, when, claiming that she had been defrauded, she sought to rescind the contract. She caused a demand to be made for the return of the stove she had sold defendant, who refused to return it. She thereupon brought this action of replevin in justice's court. The defendant prevailed in both the justice's and circuit courts. Plaintiff's evidence tended to show that her stove was worth about $22. The court directed a verdict for the defendant.

The instruction was correct. Plaintiff had not tendered the property back, or offered to return it, or informed defendant that she might go to her house and take it. She had not, therefore, placed, or offered to place, the defendant *in statu quo*, which it was her clear duty to do

before she was entitled to the return of her own property.
A Mr. Flynn went to defendant, at the request of one of
plaintiff's attorneys, told her that he had come there for
Mr. Patterson; that he requested him to make a demand
on her that she return the stove to Mrs. Johnson,—and
tendered her the two dollars. Defendant refused to return
the stove or to accept the money. This is all the plaint-
iff did to rescind the sale.

Her counsel seek to bring the case within *Sheldon Axle
Co. v. Scofield,* 85 Mich. 177, where it was held that the
law does not require the tender or surrender of worthless
property. But the property, in this case, was not worth-
less. The only statement in the record upon this point is
that, "in a short time after the transaction, plaintiff was
informed that the stove left by defendant was worthless;
worth not to exceed three dollars." This does not estab-
lish a case of worthless property.

Judgment affirmed.

The other Justices concurred.